20358—Royal Indemnity Co. v. Village of Geneva. Motion for Ashtabula Appeals to certify. Overruled. Dock. 3-2-27, 5 Abs. 153.

20359—Willis Jones v. George W. Harmon et al. Motion for Logan Appeals to certify. Overruled. Dock. 3-2-27, 5 Abs. 153.

20360—Zora E. Johnson v. Rose J. Wolford et al. Motion for Stark Appeals to certify. Allowed. Dock. 3-3-27, 5 Abs. 153.

20364—The S. S. Kresge Co. v. Constance E. Fader. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 3-4-27, 5 Abs. 153.

20371—Mr. and Mrs. Clay Parr v. The State of Ohio. Motion for Marion Appeals to certify. Allowed. Dock. 3-7-27, 5 Abs. 170.

20377—Scott Workman v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Clermont county. Overruled. Dock. 3-8-27, ' Abs. 170.

---

# SYLLABI
## Cases Decided by Supreme Court

### No. 248

No. 19865—Harry Neiswander et al v. Joseph Brickner et al. Error to the Court of Appeals of Putnam County.

**1065. SCHOOLS & SCHOOL DISTRICTS—1. Signers of remonstrance may withdraw names therefrom before and up to end of thirty days allowed for filing thereof.**

**2. If this period, under 4736 GC. expires, on Sunday, withdrawal of names may be made on following Monday.**

ALLEN, J.

1. Under Section 4736 General Code, signers to a remonstrasce may withdraw their names before and up to the end of the thirty day period allowed for the filing of the remonstrance.

2. Under Section 10216, General Code, when the thirty day period provided for in Section 4736, General Code, expires upon a Sunday, signers of the remonstrance may withdraw their names therefrom upon the following Monday.

3. Section 10216, General Code, applies generally to all acts required or permitted by law to be done and is not limited in its application to Part 3 of the General Code. (Kerr v. Kell, 60 Ohio St., 607, overruled.)

Judgment reversed.

Marshall, CJ., Day Kinkade, Robinson, Jones and Matthias, JJ., concur.)

### No. 249

No. 19925—Lester J. Neikirk, Exr. et al. v. The Republic Banking Co. et al. Error to the Court of Appeals of Seneca County.

**313. CORPORATIONS—Where Ohio bank extends credit to firm in violation of 710-122 GC. and suffers impairment of capital thereby, and examiner requires directors to make restoration, bank, as such, not entitled to further recover on items covered by payment.**

ROBINSON, J.

Where a bank, organized and incorporated under the laws of the state of Ohio, extends credit to a firm in violation of the provisions of Section 710-122, General Code, and by reason thereof suffers an impairment of its capital, and a state bank examiner requires the directors to restore such capital, and certain of the directors do restore such capital unconditionally, the bank as such is not entitled to a further recovery from any one else upon the items covered by such payment.

Judgment reversed and cause remanded.

Day, Allen, Kinkade, Jones and Matthias, JJ., concur.

### No. 250

No. 19914—City of Wooster v. Harry Arbenz. Error to the Court of Appeals of Wayne county.

**1113. STREETS & HIGHWAYS—Streets are governmental institutions and municipalities engaged in improvement of streets are engaged in the performance of a governmental function.**

**799. MUNICIPALITIES—Duties and obligations imposed on municipalities under 3714 GC. are in derogation of common law, and must therefore be strictly construed; and cannot be extended to make a municipality liable for negligence of its servants while engaged in making improvements to streets unless the damage is caused by a defective condition of the street itself.**

MARSHALL, C. J.

1. Streets and highways are public and governmental institutions maintained for the free use of all citizens of the state and municipalities while engaged in the improvement of streets are engaged in the performance of a governmental function.

2. Section 3714, General Code, imposes upon municipalities the obligation to keep streets alleys, and other highways within the municipality open. in repair and free from nuisance; the legislation imposing this duty is an exercise of the sovereignty of the state and municipalities as creatures of the same sovereignty are subject to the liability which follows a failure to discharge that duty.

3. The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation cannot by implica tion or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof.

Judgment reversed.

Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.